UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Blue Water Importers, Inc., et al.,                     Case No. 3:16-cv-02477

    Plaintiffs,

    v.                                                              MEMORANDUM OPINION
                                                     AND ORDER

John Born, et al.,

    Defendants.

## I. INTRODUCTION

Plaintiffs Blue Water Importers, Inc., Deux Rives Chrysler Dodge Jeep Ram, Inc., and Scarsview Motors, Ltd., initiated this lawsuit against Defendants John Born, in his official capacity as Director of the Ohio Department of Public Safety; Don Petit, in his official capacity as Registrar of the Ohio Bureau of Motor Vehicles; Lucas County, Ohio Clerk of Court J. Bernie Quilter; Wood County, Ohio Clerk of Court Cindy Hofner; and Muskingum County, Ohio Clerk of Court Todd A. Bickle, challenging certain policies and practices applicable to the issuance of certificates of title for preowned motor vehicles imported from Canada. Plaintiffs now seek a temporary restraining order and a preliminary injunction. (Doc. No. 46). For the reasons stated below, Plaintiffs' motion for a temporary restraining order is denied.

## II. BACKGROUND

Plaintiffs import pre-owned motor vehicles from Canada for re-sale in the United States. The importing process is overseen by several federal agencies, including the National Highway Traffic Safety Administration ("NHTSA"), and vehicles which are imported must comply or be made to comply with applicable federal laws and regulations. Plaintiffs assert that – through the policies of the BMV and the Department of Public Safety, and the practices of the various county officials responsible for issuing certificates of title for imported vehicles to be sold in Ohio – the State of Ohio improperly interferes with the federal regulatory scheme and violates the Commerce Clause's protections of interstate and foreign commerce.

In part, Plaintiffs challenge the BMV's alleged requirement that out-of-state entities such as Plaintiffs provide a letter from the NHTSA certifying the release of a bond importers must post in order to ensure compliance with United States motor vehicle safety standards (the "Bond Release Letter"), before the BMV will issue a certificate of title. While the parties dispute whether this policy actually is prohibited by federal law, Defendants had for a time stopped enforcing the policy. (*See* Doc. No. 25 at 7; Doc. No. 47-1 at 14). Plaintiffs now seek a temporary restraining order, arguing that some county clerks of court have resumed enforcing the improper Bond-Release-Letter policy.

Plaintiffs offer declarations from Jesse Owsley, a supervisor with Stratton Auto Sales, Inc., and Amie Stratton, an employee of Stratton Auto Sales who assists with processing title applications for imported vehicles, as well as from Peter Hamo, an employee of Vehicle Information Services, Inc. Stratton Auto Sales is an automobile dealership located in Bluffton, Ohio, and Vehicle Information Services assists auto dealers with title applications. Additionally, Plaintiffs offer a declaration from Jack Dempsey, the president of Blue Water Importers. (*See* Doc. No. 48-1). Plaintiffs contend the clerks of court for Summit County and Mahoning County now refuse to process title applications for imported vehicles unless those applications are accompanied by Bond

Release Letters. (Doc. No. 47-2, 47-3, and 47-4). Plaintiffs also assert the Auto Title Division of the Fiscal Office of Cuyahoga County is refusing to process title applications Stratton Auto Sales submitted for imported vehicles because the office is "too busy." (Doc. No. 47-2 at 2). Stratton Auto Sales and Vehicle Information Services are not plaintiffs in this action, and Summit, Mahoning, and Cuyahoga Counties have not been named as defendants.

### III. ANALYSIS

Courts consider four factors in determining whether to grant a temporary restraining order: "(1) whether the movant has demonstrated a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the injunction will cause substantial harm to others if issued; and (4) whether granting the injunction will serve the public interest." *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). Requests for temporary restraining orders and preliminary injunctions generally are reviewed using the same standard. *Northeast Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Plaintiffs assert that entities who are not plaintiffs in this action are being told by clerks of court for counties which are not defendants in this action, that the BMV now requires a Bond Release Letter on imported pre-owned motor vehicles, or, in one instance, that the county office is too busy to process title applications for those vehicles. (Doc. No. 47-1 at 15-16). Plaintiffs have not carried their burden to show the circumstances "clearly demand" the entry of a temporary restraining order because they have failed to show a strong likelihood of success on the merits or that they will suffer irreparable harm if a temporary restraining order is not entered. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiffs do not explain how a temporary restraining order entered against these Defendants will have the effect of averting any irreparable injury that may result from the actions of the non-

party counties. While courts generally may consider hearsay statements offered in support of motions for temporary restraining orders or preliminary injunctions, *Ohio State Conference of N.A.A.C.P. v. Husted*, 768 F.3d 524, 535 n.2 (6th Cir. 2014), *vacated sub nom. Ohio State Conference of The Nat. Ass'n For The Advancement of Colored People v. Husted*, No. 14-3877, 2014 WL 10384647 (6th Cir. Oct. 1, 2014), those statements are not entitled to a presumption of truth and may be accorded less weight due to "the nature of [that] evidence as hearsay." *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016) (vacated and remanded on other grounds *sub nom Gloucester Cnty. Sch. Bd. v. G.G. ex rel. Grimm*, 137 S. Ct. 1239 (2017)). Though they assert the non-party counties explained they were acting at the direction of the BMV, (Doc. No. 47-1 at 15-16), Plaintiffs do not offer any evidence tending to show the BMV actually reverted to the prior practice or explain why the BMV would instruct only those counties to resume requiring the Bond Release Letter. I conclude the declarations Plaintiffs offer do not support the conclusion that the Plaintiffs themselves will be protected by an order prohibiting the alleged conduct. *Overstreet*, 305 F.3d at 573 (a court "must examine . . . whether <u>the movant</u> will suffer irreparable harm if the injunction is not issued") (emphasis added).

Plaintiffs assert the practice which some counties allegedly have resumed will cost Blue Water Importers "revenue of some $80,000.00 each month" if the company loses all of its Ohio-related business and has cost Blue Water Importers $48,000 per month from lost customers since October 2015. (Doc. No. 48-1 at 5). Dempsey's declaration, however, does not provide any support for the issuance of the temporary restraining order Plaintiffs now seek. Plaintiffs only offer speculation regarding the harm that might result if all 88 Ohio counties began requiring the Bond Release Letters, rather than identifying the irreparable harm Plaintiffs will suffer from the 2 non-party counties Plaintiffs assert recently have refused to process title applications (from non-party entities) without those letters. (*See* Doc. No. 47-1 at 16).

Moreover, Plaintiffs have not carried their burden of proving there is a substantial likelihood that the actions of these non-party counties will allow them to prevail on the merits of their claims against the named Defendants. Even if, in the abstract, a policy requiring title applicants provide Bond Release Letters were preempted by federal law, the purported reasoning behind the actions of the non-party counties does not rise to the level of evidence which would support the issuance of the injunctive relief Plaintiffs request, because the proffered evidence does not establish it is substantially likely the named Defendants are following such a policy. *See, e.g., Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007) (noting "[i]n order to establish success on the merits of a claim, a plaintiff must show more than a mere possibility of success") (citation omitted).

Finally, even if I were to assume a temporary restraining order would not cause substantial harm to others and would serve the public interest, I conclude those factors do not justify the issuance of a temporary restraining order, because Plaintiffs have not demonstrated a strong likelihood of success on the merits or that a temporary restraining order would prevent irreparable harm. Plaintiffs' burden of proof in seeking a temporary restraining order "is much more stringent than the proof required to survive a summary judgment motion, for example . . ." and the fact that a non-party purportedly claims, without any form of substantiation, that a party defendant is responsible for the non-party's actions is not sufficient to invoke "an extraordinary remedy involving the exercise of a very far-reaching power." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (citation and internal quotations omitted).

My conclusion here affects only Plaintiffs' motion for a temporary restraining order and does not pre-judge evidence which may be submitted during a preliminary injunction hearing or the "ultimate merits" of Plaintiffs' case. *Id.*

5

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion for a temporary restraining order, (Doc. No. 46), is denied. A hearing on Plaintiffs' request for a preliminary injunction will be set, if appropriate, following a ruling on the pending motions to dismiss.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge