UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Blue Water Importers, Inc., et al.,                              Case No. 3:16-cv-02477

          Plaintiffs,

v.                                                              MEMORANDUM OPINION
                                                                AND ORDER

Thomas J. Stickrath, et al.,

          Defendants.

## I.    INTRODUCTION

Defendants Thomas J. Stickrath, Director of the Ohio Department of Public Safety ("DPS"), and Charles L. Norman, Registrar of the Ohio Bureau of Motor Vehicles ("BMV"), have filed a motion to dismiss for improper venue or, in the alternative, to transfer venue to the United States District Court for the Southern District of Ohio, Eastern Division. (Doc. No. 65). Plaintiffs Blue Water Importers, Inc., Deux Rives Chrysler Dodge Jeep Ram Inc., and Scarsview Motors, Ltd., oppose Defendants' motion. (Doc. No. 69). Defendants filed a brief in reply. (Doc. No. 70). For the reasons stated below, Defendants' motion to transfer venue is granted.

## II.    BACKGROUND

Plaintiffs import pre-owned motor vehicles from Canada for re-sale in the United States. They assert the State of Ohio improperly interferes with the federal regulatory scheme and violates the Commerce Clause's protections of interstate and foreign commerce.

Plaintiffs initiated this litigation in the Eastern Division of the Northern District of Ohio, and it was assigned to my colleague, United States District Court Judge Christopher A. Boyko. The then-holders of the offices of the Director of the DPS and the Registrar of the BMV filed a motion to dismiss for lack of venue or to transfer and a motion to dismiss for failure to state a claim. (Doc. No. 11). Judge Boyko denied this motion as moot after Plaintiffs filed their First Amended Complaint, adding as new party defendants the Clerks of Courts for Lucas County, Wood County, and Muskingum County. (*See* Doc. No. 13 and the non-document order dated January 25, 2017).

Judge Boyko subsequently granted motions to transfer venue filed by the Clerks for Lucas and Wood County and the case was transferred to the Western Division and assigned to me. (*See* Doc. No. 39). I subsequently granted motions to dismiss filed by the three Clerks of Court, (Doc. No. 54), leaving the Director of the DPS and the Registrar of the BMV as defendants. Stickrath and Norman were substituted in their official capacities on March 27, 2019, (Doc. No. 62), and filed their motion to dismiss or transfer venue on September 17, 2019. (Doc. No. 65).

### III.    ANALYSIS

In the absence of a more-specific statutory provision, venue in civil actions is governed by 28 U.S.C. § 1391. In part, that statute provides "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." 28 U.S.C. § 1391(b)(1)-(2).

Defendants argue venue is proper only in the Southern District of Ohio because (i) both Defendants reside in the Southern District and (ii) the events allegedly giving rise to Plaintiffs' claims (DPS and BMV policies and procedures) occurred solely in the Southern District. (Doc. No. 65 at 5-8).

2

The first portion of Defendants' argument is indisputable. A public official sued in the officeholder's official capacity resides in the judicial district where the officeholder performs the official duties of the office. *See, e.g., O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Stickrath and Born perform their official duties in Columbus, Ohio, which is in the Southern District. Therefore, Defendants reside solely in the Southern District.

This fact is not conclusive. A plaintiff may not invoke the jurisdiction of a federal court simply because the plaintiff dislikes a governmental action – the plaintiff must allege "the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quoting *Massachusetts v.* Mellon, 262 U.S. 447, 488 (1923)). What the plaintiff has done or experienced is a necessary but not sufficient consideration.

It follows that the same is true in a venue analysis. In determining where "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2), courts may consider "the actions of both the plaintiffs and the defendants." *Reilly v. Meffe*, 6 F.Supp.3d 760, 767 (S.D. Ohio 2014) (citing *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 264 (6th Cir. 1998)).

Plaintiffs, however, fail to identify facts which establish a substantial connection to the Northern District of Ohio. They allege the Auto Title Division of the Cuyahoga County Fiscal Office rejected two title applications, one from Deux Rives and one from Scarsview, because the applications did not include the challenged out-of-state inspection form. (Doc. No. 13 at 24-25). Judge Boyko already concluded these allegations were insufficient to constitute a substantial part of the events giving rise to Plaintiffs' claims. (Doc. No. 39).

Further, Plaintiffs cannot satisfy § 1391(b) through allegations of generalized economic harm or by pointing to harm allegedly suffered by non-parties. (Doc. No. 69 at 5). Neither Stratton Auto Sales nor Vehicle Information Services, Inc. ("VIS"), is a party to this action and the affidavits from

3

Stratton and VIS employees Plaintiffs submit do not contend Stratton or VIS was unable to obtain titles for vehicles those companies had purchased from Plaintiffs.  (*See* Doc. No. 47-2; Doc. No. 47-3; Doc. No. 47-4).

Plaintiffs' citation to the general principle that a court may consider facts outside of the complaint in determining venue does not change the analysis.  *See, e.g., Reilly*, 6 F.Supp.3d at 765 (quoting 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2013)).  Venue is premised on a connection between a plaintiff's claim and a forum.  Plaintiffs cannot establish venue is proper here by pointing to evidence Defendants may have caused harm in this District to someone else.

Plaintiffs also argue I should deny Defendants' motion because it is untimely.  *See Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990) ("Unlike jurisdictional defects, venue objections can be waived."); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 901 (S.D. Ohio 2013) (concluding defendants waived the issue of venue by waiting over eight years after the complaint was filed to raise it).

Plaintiffs' argument is not persuasive.  The Director of the DPS and the Registrar of the BMV first raised the issue of venue shortly after the complaint was filed.  (Doc. No. 11).  Plaintiffs responded by amending their complaint to add parties with official residences within the Northern District.  (Doc. No. 13).  Judge Boyko granted the motions of those parties to transfer the case to the Western Division without addressing the arguments presented by the Director of the DPS and the Registrar of the BMV.  (Doc. No. 39).  The presence of the Clerks of Court as defendants mooted the objection to venue and the issue did not become ripe again until I dismissed the Clerks as defendants.  Plaintiffs fail to establish that Defendants' initial and timely objection to venue was rendered insufficient by subsequent events.

4

I conclude venue is improper in the Northern District of Ohio, Western Division and that venue is proper in the Southern District of Ohio, Eastern Division.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to transfer venue, (Doc. No. 65), is granted. The Clerk of Court shall transfer this case to the Southern District of Ohio, Eastern Division, for further adjudication.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
